HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMELIA L. BUTLER,<br><br>            Plaintiff,<br><br>    v.<br><br>NEW HORIZONS GREAT LAKES<br>HOLDING CORP.; M&J LLC,<br><br>            Defendants. | CASE NO. C15-1304 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on defendants' motion to stay proceedings in favor of arbitration. Dkt. # 47. For the reasons stated below, the motion is GRANTED.

## II. BACKGROUND

Defendant New Horizons Great Lakes Holding Corporation ("New Horizons") provides training in the fields of healthcare information management, information technology, office productivity, business skills, and business process management, in the

Midwest and various geographic markets. Dkt. # 47, p. 2. Defendant M&J, LLC ("M & J") offers training in the fields of healthcare information management, training information technology, office productivity, business skills, and business process management in the Detroit, Michigan area. *Id.*

Plaintiff Amelia Butler through her company Healthcare Information Technology Stimulus Center, LLC claims to be the "owner of several trademarks, copyrights, and processes related to, and involving information management, information systems, telecommunications, and management engineering in healthcare institutions, education services, educational institutions and the HIM Entrance Exam." Dkt. # 49-1, p.1.

On July 6, 2012, the parties entered into two licensing agreements that contemplated that Ms. Butler would design certain courseware to train students and dislocated workers in healthcare management and then license that courseware to defendants. Dkt. # 47, p. 3. To the extent the court can decipher Ms. Butler's complaint, she appears to allege claims for breach of contract, copyright infringement, trade secret misappropriation, and trademark infringement.[1] Dkt. # 41.

The parties' licensing agreements included the following arbitration provision:

> This Agreement shall be governed by the laws, regulations, and proceedings of the State of Washington. In the event of a dispute under this agreement, both parties will use their best efforts to resolve the dispute amicably. If amicable resolution cannot be had the parties agree to submit their dispute to binding arbitration subject to the American Arbitration Association rules. Venue for resolution of the disputes shall be in the State of Washington County of King.

Dkt. # 36-1, p. 10 of 13; Dkt. # 36-2, p. 11 of 14.

---

[1] The court notes that Ms. Butler has attempted to file two additional amended complaints, but failed to do so within the time period allowed by Rule 15. Dkt. ## 54, 62. Nevertheless, the court has reviewed these complaints and finds that amendment would be futile.

Neither party disputes that they signed these licensing agreements. Ms. Butler, however, contends that certain "Licensor Usage Guidelines" were "incorporated by reference" into the licensing agreements. These Licensor Usage Guidelines are stated in a sixty-four page undated and unsigned document that contains several provisions which allow Ms. Butler to, among other things: (1) unilaterally decide to withdraw or transfer a dispute and/or certain claims from AAA to "another administrative body other than [AAA]"; (2) unilaterally decide not to use an arbitrator that is listed on the AAA arbitration selection list; (3) if Butler/LLC do decide to terminate or transfer to another arbitrator or arbitration, Butler/LLC can "set the rules that apply as needed"; (4) unilaterally "disqualify, remove, terminate or transfer an arbitrator and or arbitration as needed at any time"4 for, among other reasons, "not following HC-IT-SC LLC policies, HC-IT-SC LLC Rules or HC-IT-SC LLC contracts as stated"; (5) prohibit the arbitrator, once appointed, from "dropping, stopping, and or delaying the dispute" as a result of being "owed money by one side."; (6) "remove, disqualify and/or terminate the arbitrator" if Butler/LLC determine that "the arbitrator ignores the facts of the agreements and terms those [sic] apply, or gets the law completely wrong"; and (7) require Defendants to pay all arbitration fees and arbitrator fees. Dkt # 49-4, p. 17-18.

Defendants insist that they never saw or discussed the Licensor Usage Guidelines and that they would never have agreed to such one-sided terms. Greenberg Decl., Ex. B, ¶¶ 5-6.

### III. ANALYSIS

Because the Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits court involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotations omitted). The party opposing arbitration bears the burden of showing that the

agreement is not enforceable.  *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 483 (1989).

Here, neither party disputes that they signed the licensing agreements and agreed to the arbitration provision quoted above.  Accordingly, the court finds that the arbitration provision is valid and enforceable.

The court's ruling, however, does not extend to the Licensor Usage Guidelines.  Plaintiff has failed to submit any evidence that defendants ever agreed to be bound by this unsigned, undated, and unauthenticated document, which contains terms that are plainly one-sided.  *See* Dkt. # 49-4, pp. 17-18.  Indeed, the evidence in the record establishes the contrary.  Gary Abernathy, defendants' signing representative for both agreements, testified in a sworn statement submitted by defendants that he had never seen, or even discussed, the Licensor Usage Guidelines until almost three years later, when they were submitted by Ms. Butler with her motion to enforce them.  *See* Greenberg Decl., Ex. B, ¶ 5.

With respect to the scope of the arbitration provision, the court notes that the language of the agreement requires the parties to arbitrate any "dispute under this agreement."  Here, it appears that all of plaintiff's claims against defendants arise from the licensing agreements.  Accordingly, all of her claims must be decided in arbitration.

Further, Rule 7(a) of the AAA Commercial Rules of Arbitration provides that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim."  Consequently, federal courts have held that incorporation of the AAA Rules into the parties' arbitration agreement demonstrates an intent to "have the arbitrator decide disputes over the scope of the arbitration agreement."  *Madrigal v. New Cingular Wireless Servs., Inc.*, 2009 WL 2513478, at *5-6 (E.D. Cal. Aug. 17, 2009) (citing federal cases); *see Oracle Am., Inc. v. Myriad Grp.*

*A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013) (citing cases for proposition that "[v]irtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability"); *but see Meadows v. Dickey's Barbeque Rest., Inc.*, -- F. Supp. 3d --, 2015 WL 7015396, at *5 (N.D. Cal. Nov. 12, 2015). Accordingly, to the extent there is any dispute as to whether any of Ms. Butler's claims are arbitrable, this issue should be determined by the arbitrator.

## IV. CONCLUSION

For all the foregoing reasons, the court GRANTS defendants' motion and stays this case in favor of arbitration. Dkt. # 47. Pursuant to the parties' licensing agreements, any further arbitration proceedings initiated by Ms. Butler must be submitted to the American Arbitration Association with the venue in King County. Further, unless otherwise agreed by the parties, the arbitration must take place before the Honorable George Finkle. *See* RCW § 7.04A.110 (acknowledging court's authority to appoint arbitrator); 9 U.S.C. § 5 (same).

The parties are directed to advise the court of the status of arbitration within 120 days of this order. If the parties fail to commence arbitration within 12 months of this order, the court will dismiss the underlying claims and terminate the case. *See Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962-63 (9th Cir. 2007). The clerk is directed to administratively close this matter.

Dated this 9th day of May, 2016.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge